FILED

**NOT FOR PUBLICATION**

MAR 04 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ANTONIO JIMENEZ-CLEMENT, a.k.a. Luis Antonio Jimenez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-74030 <br><br> Agency No. A029-492-618 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 18, 2011
San Francisco, California

Before: O'SCANNLAIN and TROTT, Circuit Judges, and CAMPBELL, Chief
District Judge.[**]

Luis Antonio Jimenez-Clement petitions for review of the decision of the

BIA affirming the IJ's denial of asylum and withholding of removal under the

Immigration and Nationality Act. We review the BIA's legal conclusions de novo

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Tena Campbell, Senior United States District Judge for the District Court of Utah, sitting by designation.

and its factual findings for substantial evidence. Nuru v. Gonzales, 404 F.3d 1207, 1215 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

We have jurisdiction to review the BIA's determination that Jimenez-Clement did not file his application within a reasonable time after a change in circumstances relevant to his request for asylum. See Dhital v. Mukasey, 532 F.3d 1044, 1049 (9th Cir. 2008). Although the language of 8 U.S.C. § 1158(a)(3) states that "[n]o court shall have jurisdiction to review any determination of the Attorney General" with respect to the one-year bar, we have held that section 106 of the REAL ID Act, 8 U.S.C. § 1252(d), restores our jurisdiction to review claims involving the "application of statutes and regulations to undisputed historical facts." Ramadan v. Gonzales, 479 F.3d 646, 654 (9th Cir. 2007) (footnote omitted). Because the government does not dispute the date of Jimenez-Clement's arrival in the United States or the date of his application, we are required to consider whether that application was timely. See Husyev v. Mukasey, 528 F.3d 1172, 1179 (9th Cir. 2008).

The BIA's conclusion that the application was not filed within a reasonable time following the 2004 Panamanian presidential election is supported by substantial evidence. Jimenez-Clement claims only that the "extraordinary circumstances" of his arrest and incarceration prevented him from filing the

2

application in a timely manner.  See 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. §§ 1208.4(a)(4)(ii), (a)(5).  These circumstances do not excuse his untimely filing: the regulations place the burden of proof on the asylum applicant to show "that the [extraordinary] circumstances were not intentionally created by [the applicant] through his or her own action or inaction."  8 C.F.R. § 1208.4(a)(5).  Jimenez-Clement's application for asylum is time-barred.

We lack jurisdiction over Jimenez-Clement's claim that the BIA improperly analyzed his claim as one asserting a fear of future persecution, rather than a claim relying on past persecution.  Jimenez-Clement did not raise this argument to the BIA.  Therefore, we may not consider it.  Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir. 2004) (holding that § 1252(d)(1) "mandates exhaustion and therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below.").

PETITION DENIED IN PART AND DISMISSED IN PART.